IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:19-CV-00149-BO

| | |
|---|---|
| **Volt Power, LLC**,<br><br>                    Plaintiff,<br><br>v.<br><br>**William "Billy" Butts**, et al.,<br><br>                    Defendants. | **Order** |

      At the request of Plaintiff Volt Power LLC, the court previously compelled non-party C.W. Wright Construction Company to respond to a subpoena. In the order granting Volt's motion, the court pointed out that the Federal Rules allow C.W. Wright to ask the court to order Volt to reimburse it for "significant expense resulting from compliance" with the subpoena.

      C.W. Wright now asks the court to do just that. It seeks an order requiring Volt to reimburse it for $26,852.42 in compliance-related expenses. The court, finding that the C.W. Wright's compliance-related expenses were significant and, in most cases, necessary to compliance with the subpoena, will grant the company's request.

      Rule 45 governs matters related to the service and enforcement of subpoenas on non-parties. Among the Rule's provisions are several related to protecting a subpoena recipient from undue burden or expense. Fed. R. Civ. P. 45(d). As is relevant here, under the Rule, if a party objects to a subpoena and the court then compels the recipient to respond, the court "must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance." *Id.* 45(d)(2)(B)(ii).

Given that the Rule uses the word "must," the court has to shift the cost of compliance to the requesting party if the responding party has incurred significant expenses. *Legal Voice* v. *Stormans Inc.*, 738 F.3d 1178, 1184 (9th Cir. 2013) (explaining that the rule "requires the district court to shift a non-party's costs of compliance with a subpoena, if those costs are significant."); *Linder* v. *Calero–Portocarrero*, 251 F.3d 178, 182 (D.C. Cir. 2001) ("The rule is susceptible of no other interpretation" other than that courts are required to shift significant expenses to the requesting party). This mandatory language, which was added to the rule in 1991, eliminated the discretion that courts previously had to require payment of compliance-related costs by the requesting party. *Linder*, 251 F.3d at 182 (quoting *In re The Exxon Valdez*, 142 F.R.D. 380 (D.D.C. 1992)). The purpose of this change was "to enlarge the protections afforded persons who are required to assist the court[.]" Fed. R. Civ. P. 45 1991 Advisory Committee Note.

So the main question the court must answer is whether incurring almost $27,000 in fees and costs to comply with a subpoena qualifies as significant. As other courts have done, this court has "no trouble concluding that" more than "$20,000 is 'significant.'" *See Legal Voice*, 738 F.3d at 1185. Thus C.W. Wright has a right to have Volt reimburse it for the expenses it incurred in responding to the subpoena.

Volt offers three arguments against this conclusion. First, it argues that C.W. Wright has no right to recover its expenses since it has an interest in this litigation. Second, it maintains that C.W. Wright cannot recover its expenses since it has not shown that the expenses were significant in relation to its overall financial condition. And third, it argues that the court should order Butts to pay C.W. Wright's expenses because it only served the subpoena because of his destruction of evidence.

To address Volt's arguments, the court must interpret the language of Rule 45. And, as with statutes, when courts interpret the Federal Rules, it must give them "their plain meaning[.]" *Pavelic & LeFlore* v. *Marvel Ent. Grp.*, 493 U.S. 120, 123 (1989). If the court determines that a rule's text is "unambiguous, judicial inquiry is complete." *Id.* (quoting *Rubin* v. *United States*, 449 U.S. 424, 430 (1981)).

The court determines that Volt's preferred interpretation of Rule 45 contradicts its plain language and stated purpose. Thus, Volt has not established that it can avoid paying C.W. Wright's subpoena-related expenses.

Volt's initial argument claims that a non-party with an interest in the litigation has no right to reimbursement of subpoena-related expenses. But the Rule does not carve out an exception to its fee-shifting provision for parties who may have an interest in the litigation. Its expense-shifting provision applies to any "person who is neither a party nor a party's officer[.]" Fed. R. Civ. P. 45(d)(2)(B)(ii). Since the Rule's authors declined to exempt "interested parties" from its protections, the court cannot create an exception for them. *See Harris* v. *Nelson*, 394 U.S. 286, 298 (1969) ("We have no power to rewrite the Rules by judicial interpretations."); *Iselin* v. *United States*, 270 U.S. 245, 251 (1926) ("To supply omissions transcends the judicial function.").

What's more, the Rule's stated purpose is to provide increased protections to non-parties who are compelled to participate in the discovery process. See Fed. R. Civ. P. 45 1991 Advisory Committee Note. Volt's preferred interpretation would restrict, rather than enhance, the protections to subpoenaed parties. So the court will decline Volt's invitation to graft an interested party exception onto Rule 45.

Volt next contends that C.W. Wright cannot recover its subpoena-related expenses until it shows that the expenses were significant in relation to its overall financial condition. But, as with

3

its initial argument, this approach contradicts Rule 45's language and stated purpose. To begin with, neither the text of the Rule, nor the Advisory Committee Notes require the court to consider the responding party's financial means in determining whether compliance expenses are significant. Instead, the focus is solely on whether the expenses themselves are significant. And interpreting the rule in a manner that narrows its applicability would deviate from the drafters' intent to increase the protections available to parties required to respond to a subpoena.

Finally, Volt argues that since it was Butts's destruction of evidence that required sending the subpoena, he should bear the costs of complying with it. But such an outcome would conflict with the text of Rule 45 which places the responsibility to avoid unduly burdening the subpoenaed party on the "party or attorney responsible for serving a subpoena[.]" Fed. R. Civ. P. 45(d)(1). Butts, while a party to this case, does not fall into either of those categories.

Plus, foisting compliance costs on a party who was neither the author or the recipient of the subpoena would be unjust given how the cost-shifting provision applies. Rule 45(d)(2)(B)(ii) requires several things to happen before a court can shift compliance-related expenses away from the responding party. To begin with, a party must draft and serve a subpoena. Then, the receiving party must decide to object to it. Next, the party that served the subpoena must decide to challenge the responding party's objection. After that, the court must overrule the objection. And finally, the responding party must decide how it wishes to respond.

Under Volt's preferred outcome, someone who had no role in any of those steps would have to bear the costs of compliance. And the potential that neither the subpoena's author nor its recipient will be responsible for the costs of compliance would diminish the incentives for these parties to approach the process in an efficient and cost-effective manner.

Finally, if Volt believes that it has been prejudiced by Butts's spoliation of evidence, its recourse is to bring a motion under Rule 37(e) and establish that it was entitled to relief. It has not done so. Thus the court declines Volt's invitation to require Butts to reimburse C.W. Wright for its subpoena-related expenses.

Next the court must determine how much Volt owes C.W. Wright. The Rule entitles C.W. Wright to recover for "significant expense[s] resulting from compliance." Fed. R. Civ. P. 45(d)(2)(B)(ii). This can include "attorney's fees incurred by the non-party that are necessary to a discovery proceeding under Rule 45[.]" *In re Am. Nurses Ass'n*, 643 F. App'x 310, 314 (4th Cir. 2016). It can also include "expenses for . . . e-discovery services." *Id.* at 315.

Volt challenges the propriety of both the attorney's fees and e-discovery costs C.W. Wright seeks to recover. As for the attorney's fees, Volt challenges the appropriateness of shifting fees for communications between C.W. Wright's attorneys and defense counsel.

The court agrees with Volt about the entries for communications with Berkner's counsel. It does not appear that these conversations were necessary to C.W. Wright's response to the subpoena. So Volt need not reimburse C.W. Wright for the 0.5 hours devoted to these conversations.

The court, however, does not agree with Volt's position on e-discovery costs. Volt's argument is based on its assertion that the factors that led the Fourth Circuit to approve the shifting of e-discovery costs in *In re American Nurses Association* are not present here. But since that decision was not establishing the minimum criteria necessary to shift subpoena-related fees, that argument carries no weight.[1]

---

[1] And even if it were, *In re American Nurses Association* was an unpublished opinion and thus carries no precedential weight. *See Edmonson v. Eagle Nat'l Bank*, 922 F.3d 535, 545–46 n.4 (4th Cir. 2019) ("Unpublished decisions, of course, do not constitute binding precedent in this Circuit."); *Ham v. Breckon*, 994 F.3d 682, 693 (4th Cir. 2021) (explaining that an opinion in the Federal Appendix is "an unpublished, non-precedential decision").

5

Instead, the key question is whether the e-discovery costs were necessary to C.W. Wright's compliance with the subpoena. Given that Volt sought electronically stored information from C.W. Wright, the court finds it was. The subpoena explicitly sought to search computers, tablets, cell phones, email accounts, network drives, and other remote storage. Volt has not pointed to any other way that C.W. Wright could have met its obligations under the rules without engaging an e-discovery vendor.

The court also finds that shifting of fees is appropriate because Volt was on notice that it could be liable for C.W. Wright's e-discovery costs. In its order requiring C.W. Wright to respond to the subpoena, the court explicitly noted that the shifted costs could include "technology consulting fees as well as costs associated with collection, database creation, and, under certain circumstances, document review and privilege log preparation." Oct. 1, 2020 Order at 9 (quoting The Sedona Conference, *Commentary on Rule 45 Subpoenas to Non-Parties* (3d ed. Aug. 2020)).

For all these reasons, the court grants C.W. Wright's Motion to Shift Costs. D.E. 45. Volt must reimburse the company for the costs set out in its motion (other than the costs for communications with Butts's attorney), within 14 days from the entry of this order.

Dated: August 17, 2021

Robert T. Numbers, II
United States Magistrate Judge