IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:19-CV-149-BO

| | | |
|---|---|---|
| VOLT POWER, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **O R D E R** |
| | ) | |
| WILLIAM "BILLY" BUTTS, et al., | ) | |
| | ) | |
| Defendants. | ) | |

This cause comes before the Court on defendant William "Billy" Butts' motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure. For the reasons that follow, defendant Butts's motion is granted in part and denied in in part.

## BACKGROUND

Defendant Butts worked for plaintiff Volt Power, LLC and its predecessors in interest from January 1, 2011 until his resignation on June 24, 2019. He served as plaintiff's operations director for the mid-Atlantic region, and his position required him to regularly send and receive emails related to his work. Plaintiff alleges that it has an employee manual prohibiting personal use of plaintiff's computers, computer network system, internet access, electronic mail systems, and the equipment and data stored on those systems. According to plaintiff, the policy states that all such information and data is plaintiff's exclusive property, rather than the employee's private property, and that defendant Butts signed an acknowledgement that he knew that transferring plaintiff's data and information to personal devices violated plaintiff's policies. After submitting his resignation letter but before he was removed from plaintiff's payroll, defendant Butts forwarded personal emails from his work-issued computer to his personal computer iCloud account. He subsequently

deleted the emails from the sent folder on his work computer. Plaintiff alleges that, based on the determination of a forensic examiner, defendant Butts sent at least 257 emails to his personal account. On June 6, 2019, defendant Butts became employed by C.W. Wright Construction Company, LLC.

On August 9, 2019, plaintiff filed suit against defendant Butts for violation of the Computer Fraud and Abuse Act of 1986(CFAA), 18 U.S.C. § 1030; violation of the North Carolina Trade Secrets Protection Act (NCTSPA), N.C. Gen. Stat. § 66-152, *et seq.*; conversion; and breach of contract. The first three causes of action were also alleged against defendant John Berkner. Plaintiff's complaint also included an application for a temporary restraining order (TRO), preliminary injunction, and permanent injunction. The Court denied the request for a TRO on September 6, 2016. Plaintiff filed an amended motion for preliminary and permanent injunctive relief on December 9, 2019, and the parties entered in an agreed preliminary injunction approved by the Court on February 21, 2020.

DISCUSSION

A movant is entitled to judgment as a matter of law if "the movant shows that there is no genuine dispute as to any material fact." Fed. R. Civ. P. 56(a). "A dispute is genuine if a reasonable jury could return a verdict for the nonmoving party, and fact is material if it might affect the outcome of the suit under the governing law." *Variety Stores, Inc. v. Wal-Mart Stores, Inc.*, 888 F.3d 651, 659 (4th Cir. 2018) (internal quotations and alterations omitted). Once the moving party meets its initial burden under Rule 56(c), to survive summary judgment, the nonmoving party must provide sufficient evidence to demonstrate that there is a genuine issue of material fact for trial. *Scott v. Harris*, 550 U.S. 372, 380 (2007). In determining whether a genuine issue of material fact exists for trial, a court must view the evidence in the light most favorable to the nonmoving party

2

unless the nonmovant's version of events is "blatantly contradicted" by the record. *Id.* Moreover, "a mere scintilla of evidence" in support of the nonmoving party's position is insufficient to defeat a motion for summary judgment. *Thompson v. Potomac Elec. Power Co.*, 312 F.3d 645, 649 (4th Cir. 2002) (internal quotations omitted).

*Violation of the NCTSPA*

Plaintiff alleges that defendant Butts violated the NCTSPA by using improper means to acquire and disclose plaintiff's trade secrets information and that defendant Butts used his work email account to take plaintiff's trade secrets for his own use and for the benefit of his new employer. Misappropriation is defined as "acquisition, disclosure, or use of a trade secret without express or implied authority or consent, unless such trade secret was arrived at by independent development, reverse engineering, or was obtained from another person with a right to disclose the trade secret." N.C. Gen. Stat. § 66-152(1). In order to establish a prima facie case of misappropriation of trade secrets, plaintiff must show by "substantial evidence" that defendant Butts "(1) [k]nows or should have known of the trade secret[] and (2) [h]as had a specific opportunity to acquire it for disclosure or use or has acquired, disclosed, or used it without the express or implied consent or authority of the owner." *Id.* at § 66-155.

Defendant Butts argues that plaintiff's claim for violation of the NCTSPA should be dismissed because plaintiff has failed to introduce substantial evidence that defendant Butts had acquired the information for disclosure or use or disclosed or used the information. This Court disagrees. The plain language of the statute, because of the use of the word "or" rather than "and," shows that the terms acquisition, disclosure, and use in the NCTSPA are disjunctive. Thus, showing acquisition is sufficient. Furthermore, North Carolina courts have determined that circumstantial evidence, as opposed to direct evidence, is sufficient to establish a misappropriation

claim. *Medical Staffing Network, Inc. v. Ridgway*, 194 N.C. App. 649, 658 (2009); *see also Barr-Mullin, Inc. v. Browning*, 108 N.C. App. 590, 596 (1993) ("[M]isappropriation is established where plaintiff presents substantial evidence that (1) defendant knows or should have known of the trade secret; and (2) defendant has had a specific opportunity to acquire the trade secret."). Plaintiff has certainly established misappropriation by circumstantial evidence. Defendant Butts has testified that he had access to plaintiff's trade secrets, and defendant Butts clearly had a specific opportunity to acquire the trade secrets because he admittedly emailed them to himself after his resignation. Therefore, defendant Butts's motion to dismiss as to the claim for violation of the NCTSPA is denied.

*Conversion*

Plaintiff's next claim is for conversion, which is the "unauthorized assumption and exercise of the right of ownership over goods or personal chattels belonging to another, to the alteration of their condition or the exclusion of an owner's rights." *Variety Wholesalers, Inc. v. Salem Logistics Traffic Servs., LLC*, 365 N.C. 520, 523 (2012) (quoting *Peed v. Burleson's, Inc.*, 244 N.C. 437, 439 (1956)). "The essence of conversion is not the acquisition of property by the wrongdoer, but a wrongful deprivation of it to the owner." *Bartlett Milling Co. v. Walnut Grove Auction & Realty Co.*, 192 N.C. App. 74, 86 (2008) (quoting *Lake Mary Ltd. P'ship v. Johnston*, 145 N.C. App. 525, 532, *rev. denied*, 354 N.C. 363 (2001)).

Defendant Butts first claims that plaintiff's conversion claims should be dismissed because merely taking electronic copies of information cannot support a conversion claim if the owner is not deprived of the information. This Court previously noted, in ruling on defendant Butts's motion to dismiss or motion for judgment on the pleadings, that North Carolina law is unsettled as to whether merely unauthorized copying of electronically-stored proprietary

4

information constitutes conversion. *Volt Power, LLC v. Butts*, No 7:19-CV-149-BO, 2020 U.S. Dist. LEXIS 124402, at *13 (E.D.N.C. July 13, 2020) (citing *Bridgetree, Inc. v. Red F Mktg. LLC*, No. 3T0-CV-00228-FDW, 2013 U.S. Dist. LEXIS 15372, at *50 (W.D.N.C. Feb. 5, 2013); *Strategic Mgmt. Decisions, LLC v. Sales Performance Int'l, LLC*, No. 17 CVS 3061, 2017 NCBC Lexis 69, at *7 (N.C. Super. Aug. 7, 2017)). This Court decided in its previous order that it would be premature to address the question, and this Court finds that it is still too early to resolve this question. Plaintiff alleges that defendant Butts transferred various network folders that belong to plaintiff to a USB device two weeks before he left. Because plaintiff argues that it has been unable to locate that USB device and has not been able to determine that it still has a copy of each allegedly-transferred file, there are still triable issues of fact remaining on plaintiff's conversion claim.

Defendant Butts also argues that plaintiff has failed to sufficiently plead that the information was disclosed or used, or that plaintiff suffered any damages as a result. However, a conversion claim does not require a showing of disclosure or use, or of any damage. The analysis focuses on the "denial or violation of the plaintiff's dominion over or rights in the property," rather than on how defendant used the property or profited from the deed. *Springs v. Mayer Brown, LLP*, No. 3:09CV352, 2012 U.S. Dist. LEXIS 9734, at *25 (W.D.N.C. Jan. 27, 2012). As discussed above, plaintiff has sufficiently pleaded that plaintiff has been denied dominion over its property to survive at the summary judgment stage.

*Violation of the CFAA Claim*

Plaintiff claims that defendant Butts violated the CFAA, which subjects anyone who "intentionally accesses a computer without authorization or exceeds authorized access," thereby obtaining computer information, to criminal liability. 18 U.S.C. § 1030(a)(2). The term "exceeds

5

authorized access" is defined as "access[ing] a computer with authorization and [] us[ing] such access to obtain or alter information in the computer that the accesser is not entitled so to obtain or alter." § 1030(e)(6). "An individual 'exceeds authorized authority' when he accesses a computer with authorization but then obtains information located in particular areas of the computer—such as files, folders, or databases—that are off limits to him." *Van Buren v. United States*, 141 S. Ct. 1648, 1662 (2021).

Defendant Butts argues that this claim should be dismissed because plaintiff only accessed documents to which he has the right to access to while employed by plaintiff. Defendant Butts claims in his affidavit that he had access rights and privileges to plaintiff's computer system, trade secrets, and confidential business information during his employment, and that he was advised that he would remain an employee until July 4, 2019, although he submitted his resignation letter on June 24, 2019. Plaintiff does not deny any of these assertions, but rather argues that these facts do not excuse defendant Butts's conduct. The facts of this case are similar to those of the recently-decided Supreme Court case *Van Buren*, in which a former Georgia police sergeant used his own, valid credentials to access a law enforcement database and retrieve information about a particular license plate number in exchange for money, in violation of department policy. 141 S. Ct. at 1649. The Court found that because the sergeant "accessed the law enforcement database system with authorization," he "did not exceed authorized access to the database . . . even though he obtained information from the databased for an improper purpose." *Id.* 1662 (internal quotations omitted) (alterations in original).

Here, it is undisputed that defendant Butts had access to the emails and files he allegedly took, even though plaintiff alleges that defendant Butts took that information for an improper purpose. Therefore, since defendant Butts was permitted to access that information through his

6

employment with plaintiff, his conduct did not violate the CFAA, even if he took the information for an improper purpose. Defendant Butts's motion for summary judgment is granted as to the CFAA claim.

*Breach of Contract Claim*

Plaintiff also brings a breach of contract claim, alleging that defendant Butts breached his contract with plaintiff in several ways: 1) by resigning and immediately starting work with C.W. Wright in direct competition with plaintiff, 2) by soliciting plaintiff's employees to begin working with him at C.W. Wright, 3) by soliciting customers whom he worked with or about whom he received confidential information while working for plaintiff, and 4) by using plaintiff's trade secrets and commercially-sensitive business information. Plaintiff claims that defendant Butts agreed to be bound by the restrictive covenants in the Executive Common Unit Profits Unit Agreement, which included a non-competition clause and a clause that prohibits the solicitation of both customers and employees.

First, defendant Butts argues that plaintiff has abandoned its efforts to enforce the non-competition clause in in the contract between plaintiff and defendant Butts. In its order dated July 14, 2020, this Court stated that plaintiff explicitly abandoned its attempt to enforce the noncompete clause at the hearing on February 18, 2020. Therefore, the breach of contract claim is dismissed as to the non-competition clause.

Second, defendant Butts argues that plaintiff has not produced any evidence to support plaintiff's allegation that defendant Butts solicited plaintiff's employees and customers, stating that no former customers or former employees of plaintiff have provided evidence that they were solicited by defendant Butts. However, defendant Berkner testified that he learned about potential opportunities with C.W. Wright from conversations with defendant Butts, and that many of the

7

individuals that defendants worked closely with while employed by plaintiff left for C.W. Wright soon after defendant Butts resigned. Plaintiff also alleges that the text messages between defendants show that defendant Butts was using defendant Berkner as a conduit to make sure that other employees of plaintiff's had defendant Butts's contact information at C.W. Wright, and that defendant Berkner was sharing customer contact and bid information with defendant Butts for C.W. Wright while defendant Berkner was still working for plaintiff. Based on these allegations, the Court finds that there are still triable issues of fact and that summary judgment is not appropriate as to defendant Butts' alleged breach of the non-solicitation agreement.

Finally, defendant Butts argues that plaintiff has failed to produce sufficient evidence that defendant Butts shared information with C.W. Wright, defendant Butts's current employer. Plaintiff served a subpoena to C.W. Wright on March 17, 2020, upon which C.W. Wright's computers, tablets, and other portable storage devices were examined by a forensic computer specialist. Although the search did not reveal any evidence that he disclosed any information, plaintiff argues that defendant Butts has previously intentionally destroyed evidence to prevent plaintiff from learning what defendant did with the information before rendering it permanently unrecoverable. This Court will not reward defendant Butts's intentional misconduct, and the motion to dismiss the breach of contract claim as to the confidentiality agreement is denied.

*Damages*

Defendant Butts claims that plaintiff does not suggest a theory upon which it could recover damages. A reasonable standard for calculating damages does not require certainty, but it does not require something more than the hypothetical or speculative. *S. Bldg. Maint. v. Osborne*, 127 N.C. App. 327, 332 (1997). "In order to obtain actual damages, a plaintiff must demonstrate that a

defendant's misappropriation of trade secrets proximately caused injury to the Plaintiff." *RLM Comms., Inc. v. Tuscen*, 66 F. Supp. 3d 681, 697–98 (E.D.N.C. 2014).

Here, plaintiff has alleged that a measure of the damages it planned to seek in this lawsuit included its significant investments in creating its trade secret information and developing business good will. Plaintiff even disclosed the damages it planned to seek related to its various claims in its Rule 26 disclosures on May 18, 2020, which included actual damages associated with defendants' misappropriation, profits lost because of defendants' unlawful conduct, and losses associated with investigating and remediating defendants' intrusion of plaintiff's computer network. Furthermore, plaintiff has noted that it seeks a permanent injunction against defendants. The Court thus finds that plaintiff has sufficiently stated a theory for damages at this stage in the proceedings.

## CONCLUSION

Accordingly, for the foregoing reasons, defendant's motion for summary judgment [DE 86] is GRANTED in part and DENIED in part. Plaintiff's claims for violation of the CFAA and breach of contract as to the non-competition clause are DISMISSED. Plaintiff's claims for violation of the NCTSPA, conversion, and breach of contract as to non-solicitation and confidentiality agreements are allowed to proceed.

SO ORDERED, this 24 day of August, 2021.

*Terrence W. Boyle*
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE